Samuel C. Justice, OSB#782667
sjustice6587@qwest.net
Samuel C. Justice, Attorney at Law
610 S.W. Alder Street, Suite 1000
Portland, Oregon 97205-3611
(503) 295-2425 extension 16
FAX (503) 417-0174
Attorney for Plaintiff, Joe Hand Promotions, Inc.

FILED26 MAR '12 14:12USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

Pendleton

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., A Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT DEAN HOLMES, individually and as the alter ego of RDH ENTERTAINMENT, LLC., dba BOB'S STEAK N' SPIRITS and RDH ENTERTAINMENT, LLC., an Oregon Domestic Corporation, dba BOB'S STEAK N' SPIRITS,<br><br>Defendants. | 2'12 - CV - 535 - SU<br><br>COMPLAINT<br><br>Theft of Cable Signal<br>(47 U.S.C. section 605,<br>47 U.S.C. section 553)<br>and Conversion |

PLAINTIFF ALLEGES:

## JURISDICTION

1.

Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. C. 553, *et seq.*

4/6/26

Page 1

2.

This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.

This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Oregon.

## VENUE

4.

Pursuant to 47 U.S.C. Section 605, venue is proper in the District of Oregon, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.

Joe Hand Promotions, Inc., is, and at all relevant times mentioned was, a Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Avenue, Feasterville, Pennsylvania 19053.

6.

Plaintiff is informed and believes, and alleges thereon that defendant, Robert Dean

Holmes is an individual and the alter ego of RDH ENTERTAINMENT, LLC., dba BOB'S STEAK N' SPIRITS, a business entity the exact nature of which is unknown, having its principal place of business at 207 Main Street, Nyssa, Oregon 97913.

7.

Plaintiff is informed and believes, and alleges thereon that defendant, Robert Dean Holmes is an individual and the member, principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of RDH ENTERTAINMENT, LLC., dba BOB'S STEAK N' SPIRITS, a business entity of an unknown nature.

8.

Plaintiff is informed and believes, and alleges thereon that defendant, RDH ENTERTAINMENT, LLC., dba BOB'S STEAK N' SPIRITS, a business entity of an unknown nature.

## COUNT I

**(Violation of 47 U.S.C. Section 605)**

9.

Plaintiff, Joe Hand Promotions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10.

By contract, Plaintiff, Joe Hand Promotions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to the *Ultimate Fighting Championship 111: Georges St. Pierre v. Dan Hardy* (broadcast March 27, 2010), (this included all under-

card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the ("*Georges St. Pierre v. Dan Hardy*").

11.

Pursuant to contract, Plaintiff Joe Hand Promotions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oregon, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the "*Georges St. Pierre v. Dan Hardy*" to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

12.

As a commercial distributor of sporting events, including the "*Georges St. Pierre v. Dan Hardy*", Plaintiff, Joe Hand Promotions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the "*Georges St. Pierre v. Dan Hardy*" to its customers, the aforementioned commercial entities.

13.

With full knowledge that the "*Georges St. Pierre v. Dan Hardy*" was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every one of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the "*Georges St. Pierre v. Dan Hardy*" at the time of its transmission at the address of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was

done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14.

47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, Joe Hand Promotions, Inc., had the distribution rights thereto).

15.

By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, *et seq.*

16.

By reason of the defendants' violation of 47 U.S.C. Section 605, *et seq.*, Plaintiff, Joe Hand promotions, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

17.

As a result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount not to exceed $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

(b) the recovery of full costs, including reasonable attorney fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

////

## COUNT II

### (Violation of 47 U.S.C. Section 553)

18.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19.

The unauthorized interception, exhibition, publication, and divulgence of the "*Georges St. Pierre v. Dan Hardy*" by each of the above named defendants are prohibited by 47 U.S.C. Section 553 *et seq.*

20.

By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, *et seq.*

21.

By reason of the defendants' violation of 47 U.S.C. Section 553, *et seq.*, Plaintiff, Joe Hand Promotions, Inc., has the private right of action pursuant to 47 U.S.C. Section 553.

22.

As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff, Joe Hand Promotions, Inc., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount not to exceed $50,000.00 pursuant to 47 U.S.C. 553 (b)(2) and also

(b) the recovery of full costs pursuant to 47 U.S.C. Section 553 (c)(2)( C ), and also

( c ) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to 47 U.S.C. Section 553 (c)(2)( C ).

## COUNT III

### (Conversion)

23.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24.

By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-mentioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the "*Georges St. Pierre v. Dan Hardy*" and wrongfully converted it to its own use and benefit.

25.

The aforesaid acts of each of the defendants were willful, malicious, and intentionally designed to harm Plaintiff, Joe Hand Promotions, Inc., and to subject said Plaintiff to economic distress.

26.

Accordingly, Plaintiff, Joe Hand Promotions, Inc., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

WHEREFORE, plaintiff prays for judgment as set forth below.

**As to the First Count:**

1.  For statutory damages in the amount of $100,000.00 against defendants, and each of them, and

2.  For reasonable attorney fees pursuant to statute, and

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs, and

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.  For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;

2.  For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3.  For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs, and

4.  For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.  For compensatory damages in an amount according to proof against defendants, and each of them, and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted

Dated: March 22, 2012

*Samuel C. Justice*

SAMUEL C. JUSTICE, ATTORNEY AT LAW
OSB# 782667
(503) 295-2425 ext. 16
**Attorney for Plaintiff, Joe Hand Promotions, Inc.**