IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE HAND PROMOTIONS, INC.,               2:12-cv-00535-SU

      Plaintiff,                          OPINION AND ORDER

v.

ROBERT DEAN HOLMES,
individually, and RDH
Entertainment, LLC., d.b.a.
BOB'S STEAK N' SPIRITS,

      Defendants.


**SAMUEL C. JUSTICE**
Law Office of Samuel C. Justice
610 S.W. Alder Street
Suite 1000
Portland, OR 97205-3611
(503) 295-2425 ext. 16

      Attorneys for Plaintiff


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Joe Hand Promotions, Inc.'s Motion (#13) for Default Judgment and Motion

1 - OPINION AND ORDER

(#15, #16)[1] for attorneys' fees and costs.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion (#13) for Default Judgment and **DENIES** Plaintiff's Motion (#15, #16) for Attorneys' Fees and Costs.

## BACKGROUND

Plaintiff is an international distributor of sports and entertainment programming. Plaintiff owns the domestic and commercial exhibition rights to broadcast the Ultimate Fighting Championship 111: *Georges St. Pierre v. Dan Hardy* (broadcast March 27, 2010), including all "under-card bouts" and fight commentary encompassed in the television broadcast of the event (the Program). Plaintiff entered into sublicense agreements with commercial entities throughout the United States and its territories pursuant to which Plaintiff granted limited public-exhibition rights to sublicensees to broadcast the Program. To combat commercial misuse of the Program, Plaintiff appears to engage investigators and auditors who identify establishments that unlawfully show the Program in commercial settings.

---

[1] Although Plaintiff did not file a motion for attorneys' fees and costs, the Court construes Plaintiffs' Declarations (#15, #16) of Samuel C. Justice Regarding Attorneys' Fees and Costs and Declaration of Thomas P. Riley, P.C., Regarding Attorneys' Fees and Costs as a motion for attorneys' fees and costs.

2 - OPINION AND ORDER

Defendant Robert Dean Holmes is the alter ego of Defendant RDH Entertainment, LLC, d.b.a. Bob's Steak N' Spirits (RDH), a business with its principal place of business at 207 Main Street, Nyssa, Oregon, 97913.  Holmes is also the member, principal, officer, director, shareholder, employee, agent, and/or other representative of RDH.

On March 26, 2012, Plaintiff filed a Complaint in this Court against Defendants in which Plaintiff alleges Defendants knowingly intercepted, received, and exhibited the Program for public viewing without authorization to do so.  Plaintiff asserts Defendants' alleged displays of the Program for public viewing on March 27, 2010, violated the Cable Communications Policy Act, 47 U.S.C. §§ 605(e)(3)(C)(ii), 605(e)(3)(B)(iii); the Cable and Television Consumer Protection and Competition Act, 47 U.S.C. § 553; and constituted common-law conversion.

Defendants failed to file any responsive pleading after being properly served by Plaintiff.  Accordingly, on February 21, 2013, Plaintiff filed a Motion (#11) for Entry of Default.  On March 4, 2013, the Court granted Plaintiff's Motion and entered an Order of Default (#12) in this matter.

On April 30, 2014, Plaintiff filed a Motion (#13) for Default Judgment in which Plaintiff requests enhanced statutory damages of $100,000.00 as to its claims for violations of 47 U.S.C. § 605 and 47 U.S.C. § 553 and damages of $900.00 as to its

claim for conversion.  On May 29, 2014, Plaintiff filed the Declarations of its attorneys Samuel C. Justice (#15) and Thomas P. Riley (#16) Regarding Attorneys' Fees and Costs, which, as noted, the Court construes as a Motion for Attorneys' Fees and Costs.

### DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment after default has been entered by the Clerk of Court.  After the Clerk has entered a default pursuant to Rule 55(a), the factual allegations of Plaintiff's Complaint are taken as true and allegations as to damages must be proven. *DirecTV Inc. v. Mina Chau*, No. 11cv1821 WQH (BGS), 2012 WL 5967113, at *3 (S.D. Cal. Nov. 27, 2012)(citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  After a default judgment has been entered, a plaintiff is ordinarily entitled to damages, attorneys' fees, and costs.

I.   **Damages**

As noted, Plaintiff brought this action for Defendants' allegedly unauthorized broadcast of the Program, which is described in Plaintiff's Complaint and Plaintiff's Motion as "Ultimate Fighting Championship 111:  Georges St. Pierre v. Dan Hardy."  In support of its Motion Plaintiff submitted the Affidavit (#13-2) of Jeffrey A. Schell, who appears to have been

hired by Plaintiff to investigate Defendants' allegedly unauthorized broadcast of the Program. In his Affidavit, however, Schell states the program he observed being broadcast at Defendants' establishment on March 27, 2010, was "UFC 111 Saunders v. Fitch." This is not the Program for which Plaintiff contends it is entitled to damages.

Pursuant to Rule 55(a), Plaintiff's Complaint establishes on its face that Defendants unlawfully broadcast the Program in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553 and that such activity constitutes conversion. The Affidavit of Schell filed by Plaintiff in support of its Motion for Default Judgment, however, contradicts that fact, and, therefore, Plaintiff has not sustained its burden to show that it has been injured or that it is entitled to damages.

Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment.

## II.  Attorneys' Fees and Costs

In light of the fact that Plaintiff has submitted evidence in support of its Motion for Default Judgment that directly contradicts the allegations in its Complaint as to Defendants' wrongful conduct, the Court concludes Plaintiff is not entitled to attorneys' fees or costs and **DENIES** Plaintiff's Motion (#15, #16) for Attorneys' Fees and Costs.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#13) for Default Judgment and **DENIES** Plaintiff's Motion (#15, #16) for Attorneys' Fees and Costs.

IT IS SO ORDERED.

DATED this 13th day of June, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge